UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2020
JULY 28, 2021 SESSION

FILED
JUL 3 0 2021
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　CRIMINAL NO. 2:21-cr-00133
　　　　　　　　　　　　　　　　　18 U.S.C. § 1343

WALTER GREENHOWE

### INDICTMENT

The Grand Jury Charges:

**Counts One - Fifteen**
**(Wire Fraud)**

Background

At all relevant times to this Indictment:

1. From in or around 2014 through and including December 31, 2018, defendant WALTER GREENHOWE was President of the Board of Directors ("the Board") at the Institute West Dunbar Pinewood Sub Area Planning Committee ("the Committee"), in Dunbar, Kanawha County, West Virginia, and within the Southern District of West Virginia. The Committee is a non-profit organization that works to improve the communities in the Dunbar and Institute areas of Kanawha County, West Virginia, through public works projects and community caretaking activity.

2. As President of the Committee, defendant WALTER GREENHOWE's duties included overseeing disbursements of funding for various projects, securing additional funding for the non-profit, and holding monthly meetings with the Board, where meeting minutes and financial reports were to be provided along with a treasury report to the other Board members. Defendant

WALTER GREENHOWE was also tasked with overseeing the bank accounts for the organization, as well as financial transactions done on behalf of the non-profit.

3.  The Committee maintained Account XXXXXX7787 at United Bank for their financial needs. As President, defendant WALTER GREENHOWE had access to certain United Bank debit cards that were linked to the Committee's United Bank Account XXXXXX7787. The Committee intended these debit cards to be used for authorized minor financial transactions in the non-profit's day-to-day operations. These debit cards were not available to Board members and officers of the Committee for use in making personal withdrawals and purchases.

4.  Defendant WALTER GREENHOWE was in sole possession of the debit cards linked to United Bank Account XXXXXX7787. Defendant WALTER GREENHOWE originally obtained the first debit card linked to the Committee's United Bank Account XXXXXX7787 on or about June 17, 2014, without the complete knowledge and approval of the Board.

5.  United Bank was a financial institution as defined under 18 U.S.C. § 20, and was headquartered in Charleston, West Virginia, with branches throughout the Midwest and South.

### The Scheme to Defraud

6.  Beginning on or about September 26, 2014, up through at least May 24, 2018, defendant WALTER GREENHOWE knowingly devised and intended to devise a scheme and artifice to defraud the Committee and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### Manner and Means of the Scheme

7.  Defendant WALTER GREENHOWE frequently removed portions of the Committee's funds from United Bank Account XXXXXX7787 by using the debit cards that were linked to that account without authorization, approval, and knowledge of the Committee.

8. It was further part of the scheme to defraud that defendant WALTER GREENHOWE knowingly converted the funds he removed from the Committee's United Bank Account XXXXXX7787 to his own personal use, oftentimes at gambling parlors late at night, without authorization.

9. Many of the transactions wherein defendant WALTER GREENHOWE removed funds from the Committee's United Bank Account XXXXXX7787 occurred at Automated Teller Machines ("ATMs") located at legal roadside gaming parlors, such as Mimi's and Kelly's Hotspot, which are operated under the supervision of West Virginia Lottery, through the State of West Virginia.

10. In furtherance of the scheme to defraud, the ATM withdrawals that defendant WALTER GREENHOWE made using the Committee's debit cards transmitted communications between out-of-state United Bank servers and local ATMs operated by Fidelity Information Service.

11. In furtherance of the scheme, defendant WALTER GREENHOWE concealed his unauthorized and unapproved removal and use of Committee funds by not providing regular financial statements to the Board and not holding regular Board meetings wherein members could discuss finances. Defendant WALTER GREENHOWE claimed he was having an accountant review the Committee's financial records to ensure their accuracy.

12. In furtherance of the scheme, defendant WALTER GREENHOWE often cancelled or failed to schedule Board meetings such that financial reports were not reported or regularly provided to the Board.

13. In this manner, from on or about September 26, 2014, up through at least May 24, 2018, defendant WALTER GREENHOWE made hundreds of unauthorized and unapproved

withdrawals from United Bank Account XXXXXX7787 using the Committee's debit cards, resulting in a loss to the Committee in the amount of approximately $130,349.07.

Wire Transmissions in Furtherance of the Scheme

14. Between in or about April 25, 2018, through at least May 9, 2018, at or near Dunbar, Kanawha County, West Virginia, and within the Southern District of West Virginia, and elsewhere, defendant WALTER GREENHOWE knowingly transmitted and caused to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, and signals, for the purpose of executing the above-described scheme. That is, defendant WALTER GREENHOWE utilized the Committee's United Bank debit cards to remove funds, without authorization and approval, from the Committee's United Bank Account XXXXXX7787, at various local ATMs, where such transactions were transmitted to United Bank's computer servers operated by Fidelity Information Service ("FIS") and where FIS does not maintain any servers in West Virginia.

| COUNT | DATE | AMOUNT WITHDRAWN | LOCATION | TIME | TOWN |
|---|---|---|---|---|---|
| 1 | 4/25/2018 | $402.99 | Mimi's Parlor ATM | 12:53 a.m. | Dunbar, WV |
| 2 | 4/25/2018 | $402.99 | Mimi's Parlor ATM | 1:29 a.m. | Dunbar, WV |
| 3 | 4/25/2018 | $102.99 | Mimi's Parlor ATM | 2:19 a.m. | Dunbar, WV |
| 4 | 4/26/2018 | $402.99 | Mimi's Parlor ATM | 1:15 a.m. | Dunbar, WV |
| 5 | 4/26/2018 | $102.99 | Mimi's Parlor ATM | 1:44 a.m. | Dunbar, WV |
| 6 | 4/27/2018 | $402.99 | Mimi's Parlor ATM | 10:26 p.m. | Dunbar, WV |
| 7 | 4/28/2018 | $402.99 | Mimi's Parlor ATM | 1:20 a.m. | Dunbar, WV |

| 8  | 4/29/2018 | $402.99 | Mimi's Parlor ATM | 1:27 a.m.  | Dunbar, WV |
| 9  | 5/1/2018  | $402.99 | Mimi's Parlor ATM | 1:13 a.m.  | Dunbar, WV |
| 10 | 5/3/2018  | $402.99 | Mimi's Parlor ATM | 1:53 a.m.  | Dunbar, WV |
| 11 | 5/4/2018  | $402.99 | Mimi's Parlor ATM | 10:36 p.m. | Dunbar, WV |
| 12 | 5/5/2018  | $500.00 | United Bank ATM   | 12:06 a.m. | Dunbar, WV |
| 13 | 5/6/2018  | $402.99 | Mimi's Parlor ATM | 1:44 p.m.  | Dunbar, WV |
| 14 | 5/8/2018  | $402.99 | Mimi's Parlor ATM | 1:42 a.m.  | Dunbar, WV |
| 15 | 5/9/2018  | $402.99 | Mimi's Parlor ATM | 1:00 a.m.  | Dunbar, WV |

In violation of Title 18, United States Code, Section 1343.

## **FORFEITURE**

1. The allegations contained in Counts 1 through 15 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C).

2. Upon conviction of the offenses in violation of 18 U.S.C. § 1343 as set forth in Counts 1 through 15 of this Indictment, the defendant, WALTER GREENHOWE, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1)(C), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s). The property to be forfeited includes, but is not limited to, a money judgment in the amount of $130,349.07.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(a)(1)(C) and 28 U.S.C. § 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

                                          LISA G. JOHNSTON
                                          Acting United States Attorney

By: _____
      KRISTIN F. SCOTT
      Assistant United States Attorney